**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF RHODE ISLAND**

| | |
|---|---|
| IN RE<br><br>**EVERETT J. BENOIT, JR.**,<br><br>    Debtor.<br>_____<br><br>**WILLIAM K. HARRINGTON,**<br>United States Trustee<br>for Region One,<br><br>    Plaintiff,<br>v.<br><br>**EVERETT J. BENOIT, JR.**<br>5 Shadowbrook Ln., Apt B<br>Smithfield, RI 02917<br><br>    Defendant. | BANKRUPTCY CASE NO:<br><br>09-13194<br><br>Chapter 7<br><br><br><br><br>ADVERSARY NO.: _____ |

**COMPLAINT OBJECTING TO DISCHARGE PURSUANT TO 11 U.S.C. § 727**

The Plaintiff, the United States Trustee, by and through his duly authorized counsel, pursuant to 11 U.S.C. § 727 seeks a judgment and order from the Court denying the discharge of Everett J. Benoit, Jr. (the "Debtor"). In support of this complaint, the United States Trustee respectfully states as follows:

**INTRODUCTION**

The United States Trustee (the "UST") is seeking to bar the Debtor from receiving a discharge pursuant to 11 U.S.C. § 727(a)(4) (false oath or account), and 11 U.S.C. § 727(a)(2) (transfer, removal or concealment of property).

Debtor failed to disclose his ownership interest in a Harley Davidson motorcycle on his schedules and statements, and in his testimony at his meetings of creditors. He admitted that he owned a motorcycle after direct questioning, and then fabricated two different stories at two different meetings of creditors regarding the circumstances surrounding his purchase of the motorcycle.

## JURISDICTION & PARTIES

1. Jurisdiction over this adversary proceeding is predicated on 28 U.S.C. § 1334 and 157, Bankruptcy Rule 7001 and 11 U.S.C. §§ 105(a) and 727. This adversary proceeding is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(J) and (O).

2. Venue is proper in this Court under 28 U.S.C. § 1409.

3. The United States has standing to be heard under 11 U.S.C. §§ 307 and 727.

4. The Plaintiff is the United States Trustee for Region 1, duly appointed as such under 28 U.S.C. § 581(a)(1).

5. Mr. Benoit is an individual residing in Rhode Island and is the individual debtor in this bankruptcy case, number 09-13194.

6. The deadline for filing an objection to discharge pursuant to 11 U.S.C. § 727 is January 14, 2011.

## FACTS

7. On August 17, 2009, Debtor filed his voluntary Chapter 7 petition ("Petition").

8. On September 14, 2009, Debtor filed his schedules A-J (the "Schedules") and his statement of financial affairs (the "SOFA").

9. In his Schedule B, the Debtor lists that he owned two vehicles, but did not list a motorcycle.

10. In his SOFA, Debtor does not indicate that he was holding any property for another person in response to question 14.

11. On September 17, 2009, the Debtor appeared and testified under penalties of perjury at his section 341 meeting of creditors (the "Initial Meeting of Creditors").

12. At the beginning of the Initial Meeting of Creditors, Debtor took an oath swearing to tell the truth.

13. Thereafter, the Debtor testified under penalties of perjury that he had reviewed the Schedules and SOFA before signing them and all the information contained in his Schedules and SOFA was true and accurate.

14. At the Initial Meeting of Creditors, Debtor testified under penalties of perjury that the items listed on his Schedule B represented everything in the world that he owned.

15. The chapter 7 trustee reconvened the meeting of creditors on October 15, 2009 (the "Second Meeting of Creditors"), and Debtor appeared and testified at the Second Meeting of Creditors.

16. At the beginning of the Second Meeting of Creditors, Debtor took an oath swearing to tell the truth.

17. At the Second Meeting of Creditors, when asked whether he owned any motor vehicles other than those listed on his Schedules, Debtor testified under penalties of perjury that his landscaping business owned a truck.

18. When asked whether he owned any other motor vehicles, Debtor again testified that he did not own any other vehicles.

19. When the chapter 7 trustee specifically asked him whether he owned a motorcycle, Debtor acknowledged owning a 2006 Harley Davidson 883 Sportster (the "Motorcycle").

20. Debtor then testified that he got the Motorcycle because a neighbor owed him money for landscaping work, and that in order to recoup his money, he bought the motorcycle at a reduced price. He testified that the Motorcycle was worth around $5,500.

21. When asked by the chapter 7 trustee where he got the money to buy the Motorcycle, Debtor testified that he got it from his landscaping business.

22. The chapter 7 trustee requested documents regarding the Motorcycle and continued the meeting.

23. The continued meeting was held on January 4, 2010 (the "Final Meeting of Creditors").

24. At the beginning of the Final Meeting of Creditors, Debtor took an oath swearing to tell the truth.

25. At the Final Meeting of Creditors, the Debtor testified that his testimony at the Second Meeting of Creditors was not true and that he made up the prior story to protect his sister, Denise Benoit ("Ms. Benoit").

26. The Debtor further testified that his sister Ms. Benoit had asked him to purchase a motorcycle for her because she was 65 years old and felt kind of "silly" buying a motorcycle.

27. Debtor testified that he was the one who went to the dealership and physically purchased the Motorcycle from a motorcycle dealership in Exeter, RI for $5,600 in May of 2009.

28. The Debtor testified that his sister gave him the money to purchase the Motorcycle on her behalf.

29. The Debtor testified that his sister Ms. Benoit borrowed the money to purchase the Motorcycle from her ex-husband, Charles Beausejour.

30. The Debtor further testified that the Motorcycle is and has always been in his garage in Smithfield, because his sister has no room for it and she hoped to ride it in his area where it is less busy. His sister Ms. Benoit lives in Jamestown, RI.

31. The Motorcycle is titled in the name of Ms. Benoit.

32. Insurance is in both the name of the Debtor and Ms. Benoit.

33. Upon information and belief, Debtor is the one who physically obtained the insurance.

34. On May 10, 2010, the UST conducted a Rule 2004 examination of Charles Beausejour, who testified that he did not loan money to his ex-wife Denise Benoit for the purchase of a motorcycle.

35. On November 10, 2010, the UST conducted a Rule 2004 examination of Denise Benoit, who testified that she did not ask her brother to purchase a motorcycle for her, nor did she give him money for the purchase of the Motorcycle.

36. Upon information and belief, subject to further discovery, the Debtor purchased the Motorcycle for his personal use and not for that of his sister.

37. Upon information and belief, subject to further discovery, the Debtor purchased the Motorcycle with his money or money from his business.

38. Upon information and belief, subject to further discovery, the Motorcycle is and has always been the property of the Debtor.

39. Upon information and belief, subject to further discovery, the Debtor titled the Motorcycle in his sister's name to conceal it from creditors.

40. Upon information and belief, subject to further discovery, Mr. Beausejour did not loan money to his ex-wife Ms. Benoit to purchase the vehicle.

41. Upon information and belief, subject to further discovery, Ms. Benoit did not ask her brother the Debtor to purchase the Motorcycle for her, and did not give him money to purchase the Motorcycle.

## COUNT I - FALSE OATH OR ACCOUNT
## DENIAL OF DISCHARGE UNDER 11 U.S.C. § 727(a)(4)(A)

42. The UST incorporates the allegations contained in the preceding paragraphs as if fully set forth herein.

43. 11 U.S.C. §727(a)(4)(A) provides that the Court shall grant a debtor a discharge unless the debtor knowingly and fraudulently in or in connection with the case (A) made a false oath or account.

44. The Debtor knowingly and fraudulently in or in connection with this case made a false oath in failing to disclose his interest in the Motorcycle on Schedule B.

45. The Debtor knowingly and fraudulently in or in connection with this case made a false oath in failing to disclose his interest in the Motorcycle at the Initial Meeting of Creditors.

46. The Debtor knowingly and fraudulently in or in connection with this case made a false oath in failing to disclose his interest in the Motorcycle at the Second Meeting of Creditors.

47. The Debtor knowingly and fraudulently in or in connection with this case made a false oath in testifying at the Second Meeting of Creditors regarding the circumstances under which he purchased the Motorcycle.

48. The Debtor knowingly and fraudulently in or in connection with this case made false oaths in testifying at the Final Meeting of Creditors that he purchased the Motorcycle on behalf of his sister Denise Benoit, and in testifying that she obtained the money from her ex-husband Mr. Beausejour.

49. The Debtor knowingly and fraudulently in or in connection with this case made false oaths in testifying at the Final Meeting of Creditors regarding the circumstances under which he claims to have purchased the Motorcycle for his sister.

50. The Debtor knowingly and fraudulently in or in connection with this case made a false oath in failing to disclose the Motorcycle as property held for another person in his Statement of Financial Affairs.

## COUNT II - PROPERTY OF THE DEBTOR
## DENIAL OF DISCHARGE UNDER 11 U.S.C. §727(a)(2)(A)

51. The Plaintiff incorporates the allegations contained within the preceding paragraphs as if fully set forth herein.

52. 11 U.S.C. §727(a)(2) provides that the Court shall grant the debtor a discharge unless the debtor with intent to hinder, delay or defraud a creditor or officer of the estate charged with custody of property under this title, has transferred, removed, destroyed, mutilated, or concealed, or has permitted to be transferred, removed, destroyed, mutilated, or concealed -

(A) property of the debtor, within one year before the date of the filing of the petition; or

(B) property of the estate, after the date of the filing of the petition.

53. The chapter 7 trustee is an officer of the estate charged with custody of property under the Bankruptcy Code.

54. Approximately four (4) months before filing his petition, Debtor titled the Motorcycle in his sister's name to transfer, remove and conceal it from his creditors and the chapter 7 trustee and with the intent to hinder, delay and defraud creditors and the chapter 7 trustee.

55. With the intent to hinder, delay and defraud creditors and the chapter 7 trustee, the Debtor transferred, removed and concealed the Motorcycle, which was property of the Debtor, within the year before the date of the filing of his petition.

WHEREFORE, the United States Trustee prays the Court:

A. Enter a judgment declaring that the discharge of the Debtor from his debts is denied pursuant to 11 U.S.C. § 727(a)(2); and (a)(4); and

B. Enter such other and further relief as is just and equitable.

Respectfully submitted,

WILLIAM K. HARRINGTON
United States Trustee

By:  /s/ *Sandra Nicholls*
Sandra Nicholls
Trial Attorney
U.S. Department of Justice
Office of the U.S. Trustee
10 Dorrance Street, Suite 910
Providence, RI 02903
Tel: (401) 528-5551
Fax: (401) 528-5163
sandra.nicholls@usdoj.gov